902 F.2d 27
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William C. AUER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-2375.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1990.
Decided April 13, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (C/A-88-29-NN)
 James Stephen Ellenson, Newport News, Va., argued for appellant; Theophlise L. Twitty, Peninsula Legal Aid Center, Inc., Hampton, Va., on brief.
 Anita K. Henry, Assistant United States Attorney, Norfolk, Virginia, for appellee; Henry E. Hudson, United States Attorney, Norfolk, Va.; Major Cathy P. Cates, Office of the Judge Advocate General, Department of the Army, Washington, D.C., on brief.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 I.
 
 1
 William C. Auer brought this employment discrimination action pursuant to the Rehabilitation Act of 1973, as amended, 28 U.S.C. Sec. 794, alleging that he was not selected for a position as Public Affairs Specialist Intern at Fort Monroe, Virginia, solely because of his handicap. The case went to trial in Norfolk, Virginia, before United States District Judge Richard B. Kellam. After a two and a half day bench trial, Judge Kellam dismissed the case because he determined that Auer was not subjected to discrimination. He found that the program selector acted solely on qualifications and did not consider Auer's handicap. Auer appeals that order arguing that the district court's findings were clearly erroneous and claiming that the court failed to comply with Federal Rule of Civil Procedure 52(a). After reviewing the record and briefs and hearing oral argument, we find no merit in this appeal.
 
 II.
 
 2
 William Auer is legally blind though he can distinguish colors and identify details such as stripes in a shirt. He is also confined to a wheelchair. In 1979, Auer became interested in the Army's public affairs specialist intern program. In order to learn more about the program, he and his counselor, Donald Meekins, met with Clinton Parks, a United States Army public affairs specialist and a supervisor of the Public Affairs Program at Fort Monroe. Parks is responsible for hiring and training public affairs interns. Auer decided that he was interested in the program and met with Parks a second time to show him examples of his work.
 
 
 3
 Shortly after these 1979 meetings, an opening became available in the intern program. Auer applied for the position but was not selected.
 
 
 4
 In August 1983, three openings became available in the program. Auer was one of twenty-seven applicants for the positions. Parks interviewed six individuals over the telephone, including Auer. Parks, however, did not choose Auer. He chose Karen Lucienne Lundy, George Alden Smith and Frederick Stephen Zinchiak. Lundy is a paraplegic. Smith and Zinchiak are not handicapped. Parks claims that he did not choose Auer because Auer was
 
 
 5
 [l]ess competitive than the candidates selected based on evaluation of job related education, training, work experience and suitability for work in Army Public Affairs.
 
 
 6
 Auer's background information showed that he was involved in social work, counseling, job surveying and placement for the handicapped. When he applied for the position, Auer's public affair's experience was minimal. He had done some television and radio work while in college. However, he had not done free lance photography work for a newspaper, and had had no experience working with the military.
 
 
 7
 Auer admits that Smith was better qualified and that Lundy was equally as well qualified for the job. Auer argues, however, that he was better qualified than Zinchiak. Zinchiak was a technical specifications writer when he applied for this position. He had been promoted to that position from supply clerk. Zinchiak had hands-on experience in communications, both print and audio-visual, and had an associate degree in theater.
 
 
 8
 Auer filed a grievance with the Equal Employment Opportunity Commission ("EEOC"). An EEOC counselor asked Parks to provide some information dealing with the qualification requirements of the position for which Auer had been interviewed. Parks responded by quoting language from the Army's Qualification Standards for Public Affairs which states: "Depending on the essential duties of a specific position, usable vision, color vision, hearing or speech may be required." In a memo Parks tried to explain why anybody with physical disabilities such as Auer might not be selected. According to Parks, this was an "after-the-fact explanation of the need for visual acuity for the job." The EEOC found that the Army had not subjected Auer to discrimination.
 
 III.
 
 9
 Auer argues that Parks' explanation for failing to select him for the Public Intern Program was a pretext for discrimination. The district court found as a fact that Parks did not discriminate against Auer solely because of his handicap. We review the district court's finding of fact under the clearly erroneous standard. Fed.R.Civ.P. 52(a). Because the record supports the finding that Auer was not excluded solely because of his handicap, we cannot overturn the lower court decision.
 
 IV.
 
 10
 Auer also argues that the district court did not comply with Federal Rule of Civil Procedure 52(a) because it did not make findings of fact or state its conclusions of law on the issue of pretext. The district court held that Auer had failed to show that he was entitled to relief; he failed to produce evidence showing that he was excluded solely because of his handicap. Auer claims that before the court reached this ultimate issue it was required to determine which party had the burden of proof on the issue of pretext and state why it found that Park's stated reasons for not hiring Auer were not a pretext for discrimination. According to Auer, the court was required to discuss the two meetings between Auer and Parks and was required to refer to the memo which Parks wrote in response to the EEOC's questions about the case.
 
 
 11
 Auer's argument is without merit. The trial court is required to state facts which are sufficient to provide an understanding of the grounds upon which it reached its decision. There is no need to reverse or remand because of inadequate findings unless it is not possible for this court to understand and consider the question presented without the aid of further findings. See, e.g., Sochin v. Commissioner of Internal Revenue, 843 F.2d 351 (9th Cir.), cert. denied, 109 S.Ct. 72 (1988). The district court was correct in stating that the ultimate burden of persuading the court that Parks discriminated against Auer on the basis of his handicap was at all times on Auer. See Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 875 (1984). The court fully explained the evidence regarding the qualifications of both Auer and Zinchiak in its opinion and determined that the Auer failed to show that he was excluded solely because of his handicap. The evidence in the record supports that finding. The court fully complied with Rule 52(a). The district court order dismissing Auer's complaint is thus
 
 
 12
 AFFIRMED.